UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MIGUEL ARAIZA
Fe. Reg. No. 07441-081
U.S.P. Terre Haute Indiana
(Bureau of Prisons), P.O.
Box 33, Terre Haute, IN 47808

Plaintiff,

v.     Civil Action No. 2 03-CV-0155 LJM - WTL

KEITH E. OLSON, Warden,
U.S.P. Terre Haute Indiana
(Bureau of Prisons) 4200
Bureau Road North, Terre Haute, IN 47808
and
K.O. BRECHBILL, SIS Lieutenant,
U.S.P. Terre Haute Indiana
(Bureau of Prisons), 4200 Bureau
Road North, Terre Haute, IN 47808
and
V. KILLION, DHO/Prison Correctional
Official, U.S.P. Terre Haute, Indiana
(Bureau of Prisons), 4200 Bureau Road
North, Terre Haute, IN 47808

Respondents.

**PLAINTIFF'S CIVIL ACTION COMPLAINT PURSUANT PRIVACY ACT § 552(E)(5) AND § (G)(1)(C)**

COMES NOW, **MIGUEL ARAIZA, Plaintiff, Pro Se,** and respectfully moves this court with Plaintiff's Civil Action Complaint under the Privacy Act § 552(e)(5) and § (G)(1)(c) asserting that the prison officials within the agency Bureau of Prisons are maintaining incorrect false information in Plaintiff's Prison Files within the U.S.P. Terre Haute of Respondents. (See Attached hereto).

Plaintiff further submits that this false and misleading information can affect Plaintiff's chances for parole and lower security class-

ification and the stigma that's attached to herein is a known patter of the "SIS Prison Officials" herein at U.S.P. Terre Haute, in its retaliation to stigamatize and defame a prisoners' character.

## JURISDICTION

Plaintiff has a constitutional right under the 5th and 14th Amendment to the Constitution under the Due Process Clause and the Equal Protections of the Laws and the right not to be retaliated upon by prison officials (Defamation of Character) and an agency, such as the Bureau of Prisons to maintain accurate and correct information in a prisoner files under the Privacy Act. The Plaintiff's color of law is, The Privacy Act, 5 U.S.C. §§552a(e)(5) and (g)(1)(c), which brings this court's all jurisdiction to apply for basic jurisdiction questioned in 5 U.S.C. §§ 552a(e)(5) and (g)(1)(c).

## STATEMENT OF THE FACT AND CASE

Plaintiff contends that Burea of Prisons Prison Officials have and are maintaining incorrect/false information in Plaintiff's prison file(s). On or about November 18, 2002, at approximately 7:55 p.m., the Unit 3L Duty Officer called for medical assistance in Unit 3L. An inmate named, Cline, reg. number 08381-032, had reported to the unit officer, bleeding from the face and head areas. A subsequent seacrh of the unit showed that Plaintiff had numerous abrasions to his right shoulder area, left lower torso, and an laceration to his lower middle back, which was allegedly classified as being in a physical altercation with another individual.

2

As Bureau of Prisons (BOP) rules, regulations and procedures are, Plaintiff was escorted to the Lieutenant Office and thereafter, the medical unit for observations and records, then Plaintiff was tested for alcohol consumption, which Plaintiff tested positive, at this time initial paperwork was conducted and Plaintiff was placed in segregative detention unit (SHU) on the same date. Plaintiff asserts that he never admitted to fighting with an inmate Cline, nor did Plaintiff ever admit or cooporated with any prison officials to make a statement " that he had brought wine" from another inmate next door. Plaintiff further aserts, that he never named an individual whom he had a fight with nor did Plaintiff ever cooporate with SIS Brechbill, nor any other prison officials at any level in this matter and/or well before any matter, and the attached documents attached hereto contains false and misleading information in an attempt of SIS Lieutenant Brechbil's knwon habit of defaming an prisoner's character whom do not cooporate with him, which places a prisoner in a odd disposition because of this form of false and misleading information can lead to unwarrant problems, and are insult to Plaintiff's code of existence and integrity.

Nowhere in Plaintiff's prison files from the State Correctional System to the Bureau of Prisons System, does it contains any form of indictaions that Plaintiff had, have or are cooporating with prison officials at any level.

Plaintiff openly admitted that he was drinking alcoholic drink, and that he had a fight, but with an unnamed individual, never did Plaintiff name an individual whom he had a fight with, and it was and is SIS Lieutenant Brachbill whom placed this false and

3

misleading information in Plaintiff's files and also SIS Lieutenant purportedly blamed this false information asserted in Plaintiff's prison files to Respondent DHO Prison Official, V. Killion, and each other blamed the other for placing this false information in Plaintiff's prison files, once this Plaintiff had approached the two named Respondents as to the assertion of the false and misleading information into Plaintiff's prison files.

When further Plaintiff had approached SIS Lieutenant as to the removal of this false information from Plaintiff's prison files, Respondent SIS Lieutenant Brachbill became ver hostile and stated" if he wants it removed he can have it removed, and then again let the bull.... remain where its at," "And you(Plaintiff) can take this response to where you dam please, I don't care."
WHEREFORE,

Plaintiff duly requests this court to declare that the false and misleading information contained in Plaintiff prison files must be removed and any further retaliation by the named respondents prison officials herein this action against Plaintiff for filing this action against the named prison officials for redress of rights violated by the named prison officials herein, can be held liable under the Civil Rights Action law and of the 1st, 5th and 14th Amendments protected rights to the Constitution. Plaintiff further, refer this court to the attached Memorandum of Points and Authorities in support of this Privacy Act Action.

Dated: 5-19-03

Respectfully Submitted,

*Miguel Araiza #07441-081*
MIGUEL ARAIZA # 07441-081
Plaintiff, Pro Se, P.O. Box 33
Terre Haute, IN 47808

4

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS – Phone (913) 682-8700 ext. 465

| U.S. DEPARTMENT OF JUSTICE | REQUEST FOR ADMINISTRATIVE REMEDY |
|---|---|
| Federal Bureau of Prisons | |

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Miguel Araiza | 07441-081 | L. | Terre Haute |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**   On 11-18-02, I was placed in Special Housing for an Alcohol incident report, blowing a dirty on the test equipment that is used by the institution to check prisoner's Alcohol level. I was also charged with and Institutionl incident report of fighting with another inmate, Code 201.
I did admit to fighting and to drinking but, as Mr. V. Killion, DHO, Officer states in his evidence relied on to support his findings of guilt a Investigative report from K. Brechbill, SIS, dated December 3, 2002, which states in part that I admitted to fighting with inmate Cline, Reg. No. 08381-032, and going to a cell next door and buying wine. This information is not correct. At know time have I ever admitted fighting with a named person or buying wine from anyone.       (SEE ATTACHMENT)

_____  _____
DATE                     SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____                              _____
DATE                                                 WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                           CASE NUMBER: _____

                                                     CASE NUMBER: _____

**Part C- RECEIPT**
Return to:

Miguel Araiza
07441-081
L-Unit
Terre Haute

ATTACHMENT TO ADMINISTRATIVE BP-9

Mr. Brechbill, SIS, Officer or Mr. Killion DHO, Officer has got their information mixed up. At no time have I ever cooperated with any officials on any level, and this type of false information being put out by one of the above named indiviuals can only result my being placed in a situation of having to hurt some idoit that wants to insult my code and personl integrity. If you will review my records from my first conviction in the State to my present conviction at no time have I ever cooperated with the Officials in any capacity. "I COISIDER THIS A PERSONAL INSULT TO MY HONOR AS A HUMAN".

I request that this false information that was placed in my DHO, report be removed and the correct information put in their that yes I was drunk and I had a fight with and un-named indiviual. I hope this can be resolved on and Institution Level. I will take this all the way to court if, I am forced to take such actions. Mr. K. Brechbill, SIS, knows me and I can not believe he would write such a report knoring my back ground an belief's. I hope that this is just a misunderstanding and can be resolved without alot of problems.

Date 5-19-03

Miguel Araiza #07441-081
Miguel Araiza 07441-081
L-Unit
Terre Haute

**U.S. Department of Justice**  
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __ARAIZA       MIGUEL__   __07441-081__   __3L__   __USPTH__
   LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**

" SEE attached Bp-9 "

INCORRECT/FALSE INFORMATION REMOVED FROM PRISON FILES

_____   _____
DATE   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____   _____
DATE   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE   CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: __ARAIZA       MIGUEL__   __07441-081__   __3L__   __USPTH__
   LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____   _____
DATE   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)  
APRIL 1982

**U.S. Department of Justice**
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __ARAIZA        MIGUEL__     __07441-081__     __3L__     __USPTH__
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.         UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**

"SEE ATTACHED BP-9 & 10"
INCORRECT/FALSE INFORMATION REMOVED FROM PRISON FILES

_____              _____
DATE                                SIGNATURE OF REQUESTER

**Part B—RESPONSE**




_____              _____
DATE                                GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Part C—RECEIPT**
                                    CASE NUMBER: _____

Return to: __ARAIZA      MIGUEL__   __07441-081__    __3L__    __USPTH__
            LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____              _____
DATE                                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

BP-S298.052 INCIDENT REPORT CDFRM
MAY 1994
U.S. DEPARTMENT OF JUSTICE                                              FEDERAL BUREAU OF
PRISONS

| 1. Name of | USP Terre Huate, IN. | Incident Report Number | |
|---|---|---|---|

### Part I - Incident Report

| 2. Name of Inmate | 3. Register Number | 4. Date of Incident | 5. Time |
|---|---|---|---|
| Araiza, Miguel | 07441-081 | November 18, 2002 | app. 1950 |

| 6. Place of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| Cell #53, L-Unit | Unassg | L-Unit |

| 9. Incident | Fighting with another person. | 10. Code | 201 |
|---|---|---|---|

| 11. Description of Incident | Date: | 12-4-02 | Time: | 1500 | Staff became aware of Incident |
|---|---|---|---|---|---|

On November 18, 2002 at approximately 7:50 P.M., Inmate Cline 08381-032 was intoxicated and very angry due to the fact that he could not find his radio. He was very loud and boisterous and at approximately 7:50 P.M., you passed his cell and as you passed, inmate Cline engaged you in a heated verbal altercation. The altercation escalated into a fight where you admitted to striking inmate Cline about the head with closed fists. Inmate Cline also admitted to striking you back with closed fists. The exchange of blows lasted for a short period of time and then you exited inmate Cline's cell returning to your cell. The documentation of both your and inmate Cline's physical injuries are consistent with being involved in a physical altercation.

| 12. Signature of Reporting Employee | Date and Time | 13. Name and Title (Printed) |
|---|---|---|
| [signature] | 12-4-02 1500 | K.O. Brechbill, SIS Lieutenant |

| 14. Incident Report Delivered To Above Inmate By: | 15. Date Delivered | 16. Time Delivered |
|---|---|---|
| [signature] | 12/4/02 | 6:33 PM |

**DISCIPLINE HEARING OFFICER REPORT**
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| INSTITUTION | USP-TERRE HAUTE | INCIDENT REPORT NUMBER | | 1053208 |
|---|---|---|---|---|
| INMATE NAME | ARAIZA, Miguel | REG NO | 07441-081 | UNIT | 3 |
| DATE OF INCIDENT | 11-18-02 | DATE OF INCIDENT REPORT | | 12-04-02 |
| OFFENSE CODE(S) | 201 | | | |
| SUMMARY OF CHARGES | Fighting | | | |

### I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) 12-04-02 at (time) 1833 (by staff member) R. Troutman

B. The DHO Hearing was held on (date) 12-17-02 at (time) 0950

C. The inmate was advised of his/her rights before the DHO by (staff member): Eric Hill, Corr. Counselor on (date) 12-06-02 and a copy of the advisement of rights form is attached.

### II. STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | x | No: | |
|---|---|---|---|---|
| B. Inmate requested staff representative and | | | | appeared. |
| C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: | | | | |
| D. Staff representative | | | | was appointed. |

### III. PRESENTATION OF EVIDENCE

A. Inmate admits [ ]  x denies [ ] the charge(s).

B. Summary of inmate statement:
Inmate Araiza stated, "I'm guilty."

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | | No: | x |
|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

3. The following persons requested were not called for the reason(s) given.

| 4. Unavailable witnesses were requested to submit written | Yes | No | N/A | x |
|---|---|---|---|---|

Page 1 of 3

| | |
|---|---|
| D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: | |
| Investigative Report from K. Brechbill, SIS, dated December 3, 2002. | |
| E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: | |
| N/A | |

**IV. FINDINGS OF THE DHO**

| | |
|---|---|
| X | A. The act was committed as charged. |
| | B. The following act was committed: |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

The DHO finds that on November 18, 2002 at approximately 7:50 p.m., in Unit 3L, Cell #53, you committed the prohibited act, Fighting, code 201. You did this by exchanging punches with another inmate.

This finding is based on an Investigative Report from K. Brechbill, SIS, dated December 3, 2002, which states, in part, that on November 18, 2002 at approximately 7:55 p.m., the Unit 3L officer called for medical assistance in Unit 3L. Inmate Cline, Reg. No. 08381-032, had reported to the unit officer, bleeding from the face and head areas. A subsequent search of the unit showed that you had sustained numerous abrasions to your right shoulder area, left lower torso, and a laceration to your lower middle back, which was consistent with being in a fight. An interview with you revealed that you did admit to getting into a fight with inmate Cline due to his being drunk and making racial statements to you. You claim he grabbed you and pulled you into his cell and the fight started. It is also noted that you claim you were buying wine from someone in a cell next to inmate Cline at the time. The DHO considered your admission of the charge at the DHO Hearing.

Based on some evidence, the DHO believes that you did get into a fight with another inmate, exchanging punches. Therefore, the DHO finds you committed the prohibited act, Fighting, code 201.

**VI. SANCTION OR ACTION TAKEN**

15 Days D/S
27 Days Disallow GCT

**VII. REASON FOR SANCTION OR ACTION TAKEN**

Fighting with another person can lead to serious injury to both parties,

| DISCIPLINE HEARING OFFICER REPORT | BP-S305.052 MAY 94 |
|---|---|
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

as well as staff and may escalate into a major confrontation between inmates and/or staff, threatening the security of the institution. The sanctions imposed are commensurate with the act committed. These sanctions are intended to encourage you to refrain from such behavior in the future.

**VIII. APPEAL RIGHTS:** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

| | Yes | | x | No | | |
|---|---|---|---|---|---|---|

**IX. DISCIPLINE HEARING OFFICER**

| Printed Name | Signature | Date |
|---|---|---|
| V. Killion, DHO | Y. Kil | 1-13-03 |
| DELIVERED TO INMATE | DATE | |
| | | TIME |

(This form may be replicated in WP)     Replaces BP-304(52) of JAN 88

Page 3 of 3